UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ESPINOSA, SR., | |
| Plaintiff, | Case No. C20-1224-TSZ-MAT |
| v. | REPORT AND RECOMMENDATION |
| DE LA CRUZ, *et al.*, | |
| Defendants. | |

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Corcoran State Prison in Corcoran, California. Although Plaintiff's complaint is not a model of clarity, his claims appear to relate to his conviction in the state court of California on a charge of attempted murder to which he pled guilty. (*See* Dkt. # 3-1.) Plaintiff asserts in his complaint that he agreed to be extradited from Washington to California to face an assault charge, but once he arrived in California he was instead booked on a charge of attempted murder. (*Id*. at 4-6.) Plaintiff suggests that family members and/or acquaintances of the victim of his crime played some role in getting him back to California to face increased charges. (*Id*.)

Plaintiff also appears to claim that when he went to court in Pomona, California, he was unaware he was facing a charge more serious than assault and he was not competent to enter a

REPORT AND RECOMMENDATION
PAGE - 1

plea to the attempted murder charge. (*Id*. at 4-5.) He claims as well that his lawyer failed to assist him and that a psychologist and/or doctor should have been present to speak for him or to otherwise assist him in court. (*Id*. at 5-8.) Finally, Plaintiff complains that the trial judge failed to strike old convictions from the record which this Court presumes impacted the length of Plaintiff's sentence. (*Id*. at 5-6.)

Plaintiff identifies the following Defendants in his complaint: De La Cruz, Plaintiff's lawyer in his California criminal proceedings; John Gonzales, the Sheriff in West Covina, California; Rowland Garcia, the victim of the crime for which Plaintiff was convicted; Lydia and Kathie Garcia, family members and/or acquaintances of the victim; West Covina Transportation; Pomona Court; United States District Court, Los Angeles; and, Los Angeles County Mental Health. (*Id*. at 1, 3.) In the relief portion of his complaint, Plaintiff asks that the Court summon the victim of his crime and individuals connected with the victim "to find out their play in my court." (*Id*. at 9.)

It appears from the face of the complaint that the events giving rise to Plaintiff's claims occurred in Los Angeles County, California, and that the named Defendants are all located in, or likely reside in, Los Angeles County as well. The only connection Plaintiff's claims have to the Western District of Washington is that Plaintiff was apparently confined in Pierce County at the time he was extradited to California to face charges there. (*See id*. at 8; Dkt. # 3-2 at 2.) Plaintiff does not name any Washington Defendants in his complaint and he acknowledges that he does not think "Washington transportation is at fault." (*See* Dkt. #3-1 at 6.) He appears to believe, however, that this Court may be able to assist him because it is outside of California where the various alleged abuses have occurred. (*See id*. at 8.)

REPORT AND RECOMMENDATION
PAGE - 2

Because Plaintiff's claims relate to events that occurred in Los Angeles County, California, and because it appears that all named Defendants are located in, or reside in, the state of California, venue is proper in the Central District of California and not in this district. *See* 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).

It would not be in the interest of justice to transfer this action as Plaintiff has not adequately alleged in his complaint any cognizable claim for relief under §1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. It appears clear from the face of the complaint that the claims asserted by Plaintiff would, if resolved in his favor, call into question the lawfulness of his current confinement. Nothing in Plaintiff's complaint suggests that his conviction or sentence has been reversed, expunged, invalidated, or impugned in any way. Thus, under *Heck*, Plaintiff's § 1983 claims have not accrued and are therefore not cognizable in this civil rights action.

As venue is not proper in this district, and as Plaintiff has not alleged any cognizable claim for relief in his civil rights complaint, this Court recommends that Plaintiff's § 1983 complaint (dkt. # 3-1) be dismissed without prejudice to Plaintiff filing a proper challenge to his conviction in the Central District of California. The Court further recommends that Plaintiff's request for appointment of counsel (dkt. # 4) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 6, 2020**.

DATED this 9th day of October, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge